UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KALEIDA HEALTH/DEGRAFF MEMORIAL
HOSPITAL–SKILLED NURSING FACILITY,

      Plaintiff,

    -vs-               03-CV-0874C(SC)

JULE CERRONE, and ANTHONY F. CERRONE,
Individually and as Power of Attorney and as
Responsible Party to Jule Cerrone,

      Defendants and
      Third-Party Plaintiffs,

    -vs-

MEDICARE, HEALTH CARE FINANCE
ADMINISTRATION, and BLUE CROSS AND
BLUE SHIELD OF WESTERN NEW YORK, INC.,

      Third-Party Defendants.

---

In this action, plaintiff Kaleida Health/DeGraff Memorial Hospital–Skilled Nursing Facility ("Kaleida") seeks payment for skilled nursing care and other services rendered to defendant Jule Cerrone. The complaint was originally filed in New York State Supreme Court, Erie County, on June 20, 2003 against Jule Cerrone and her husband, attorney Anthony Cerrone. Defendants then filed a third-party action against Medicare/Health Care Finance Administration[1] ("Medicare") and Health Now, NY ("HealthNow," improperly named in the third-party complaint as Blue Cross and Blue Shield of Western New York, Inc.).

---

[1] The Health Care Financing Administration was renamed the Centers for Medicare and Medicaid Services effective July 5, 2001. *See* 66 FR 35427.

By notice of removal dated November 21, 2003, Medicare removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1).[2] Medicare then moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the third-party complaint against it for lack of subject matter jurisdiction. Oral argument of the motion was heard on September 12, 2005.[3] For the reasons that follow, Medicare's motion to dismiss is granted, and the case is remanded to State court.

## BACKGROUND

As set forth in the complaint and in the materials submitted in connection with the motion to dismiss,[4] Jule Cerrone became a patient at the DeGraff Skilled Nursing Facility in August 1999, after an inpatient hospital stay from June 7, 1999 to August 12, 1999. Skilled nursing facility services are covered under Medicare Part A, which provides coverage for up to one hundred days of "post-hospital extended care services." See 42 U.S.C. §§ 1395d(a)(2)(A); 1395x(h) and (I); 42 C.F.R. § 409.61(b). Medicare pays for all covered services for the first twenty days of this post-hospital skilled nursing facility care.

---

[2]28 U.S.C. § 1442(a)(1) provides:

   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

      (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[3]Kaleida takes no position on Medicare's motion to dismiss.

[4]In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings, such as affidavits, in contrast with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, where it may not. *Robinson v. Government of Malaysia*, 269 F.3d 133, 140-41 & n. 6 (2d Cir. 2001).

42 C.F.R. § 409.61(b). For the twenty-first through the one-hundredth day, Medicare pays for all covered services except for a daily coinsurance amount that is the beneficiary's responsibility. *Id.* In accordance with these requirements, Medicare covered Ms. Cerrone's first one hundred days of skilled nursing facility care at DeGraff, which included services rendered from August 12, 1999 to November 19, 1999.

Kaleida alleges that upon expiration of this one-hundred-day period, Ms. Cerrone became responsible to pay for skilled nursing services rendered, room and board, and other charges not billable to Kaleida as ancillary services under Medicare Part B (*see* Complaint, Item 1, Ex. A; Item 3, Ex. 1 (Slaten Decl.), ¶ 9). As of the date of filing of the complaint in this action, the balance due and owing from Ms. Cerrone to Kaleida is alleged to be $303,574.97 (*id.*).

As mentioned, defendants filed a third-party complaint against Medicare and HealthNow alleging that those entities, as Mrs. Cerrone's health insurers, are wholly responsible for the cost of the services rendered at the DeGraff Skilled Nursing Facility. Medicare now moves to dismiss the complaint against it and to remand the case to state court on the ground that this court lacks subject matter jurisdiction over the third-party complaint because Mrs. Cerrone failed to pursue the administrative review process available to challenge Medicare's determinations regarding the claims at issue.

**DISCUSSION**

**I.      The Medicare Program**

The Medicare program, 42 U.S.C. §§ 1395-1395ggg, was established by Congress in 1965 as part of the Social Security Act to provide a federally subsidized system of health insurance benefits. The program is divided into two major components. Medicare Part A provides medical insurance coverage for hospital care and related post-hospital services, and is funded by Social Security taxes. 42 U.S.C. §§ 1395c to 1395i-4; 1395x(dd); *see Abbey v. Sullivan*, 978 F.2d 37, 39-40 (2d Cir. 1992). Medicare Part B provides supplementary medical insurance for physician services, outpatient hospital services, x-rays, laboratory tests, and certain other medical and health services to those beneficiaries who elect to enroll in this program. 42 U.S.C. §§ 1395j–1395w-4; *see also Bodimetric Health Services, Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 482 (7th Cir.), *cert. denied*, 498 U.S. 1012 (1990).

The Secretary of Health and Human Services (the "Secretary") is given broad statutory authority to issue regulations necessary to administer the Medicare program. 42 U.S.C. §§ 1395hh(a), 1395kk. The Social Security Act authorizes the Secretary to contract with "fiscal intermediaries" (for Part A) or "carriers" (for Part B) to process and review claims submitted by health care providers, suppliers, and beneficiaries to determine whether the claims are for covered services, and if so, the appropriate amount of the Medicare payment or reimbursement. 42 C.F.R. §§ 421.100(a), 421.200(a); *see also Abbey*, 978 F.2d at 40; *Bodimetric*, 903 F.2d at 482 n.3. These Medicare contractors, which are often private insurance companies, *see* 42 U.S.C. §§ 1395h, 1395u, 1395kk(b);

42 C.F.R. §§ 421.100, 421.200, initially determine whether a claimed service or item is medically necessary and is otherwise covered under either Part A or Part B.  *See* 42 C.F.R. §§ 421.100(a), 421.200(a).  After the fiscal intermediary or carrier has completed its initial determination on a request for payment under Medicare, it informs the provider and the beneficiary by written notice.  *See* 42 C.F.R. §§ 405.701, 405.803(b), 405.804.

**II.     Administrative/Judicial Review**

A beneficiary or provider who disputes the initial determination of a claim for Medicare payment or reimbursement is entitled to various stages of administrative review.  42 U.S.C. § 1395ff(b) (incorporating by reference 42 U.S.C. § 405(b)); *see also* 42 C.F.R. §§ 405.701 to 405.874.   Upon completion of administrative review, a dissatisfied beneficiary or provider may seek  judicial review in federal court if the amount remaining in controversy is $1,000 or more.  *See* 42 U.S.C. §§ 405(g), 1395ff(b); *see also* 42 C.F.R. §§ 405.730, 405.857.

The avenue for judicial review provided in section 405(g) is the sole authority for federal court jurisdiction over Medicare disputes.  *Diagnostic Cardioline Monitoring of New York, Inc. v. Shalala*, 2000 WL 1132273, at 4 (E.D.N.Y. June 26, 2000) (citing *Abbey*, 978 F.2d at 41).  Pursuant to section 405(g), "[a]ny individual, after any final decision of the [Secretary] made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . brought in [a] district court of the United States . . . ."  42 U.S.C. § 405(g).  Section 405(h) further provides that "[n]o findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).

The "final decision" requirement of the statute is "central to the requisite grant of subject-matter jurisdiction–the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'" *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).  The requirement has two elements:  (1) a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted, and (2) a nonwaivable requirement that a claim for benefits be presented to the Secretary.  *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

In this case, it is undisputed that the Medicare claims at issue were never presented to the Secretary, and the administrative review procedures available to Mrs. Cerrone–as outlined in the "Medicare Summary Notices" sent to her in connection with her care at DeGraff (*see* Attachment A to Slaten Decl., Item 3, Ex. 1)–were not exhausted.  Likewise, it is undisputed that the Secretary has not waived the exhaustion requirement.  As the Supreme Court has explained, the exhaustion requirement may be waived by the Secretary when further exhaustion is deemed futile, or by the court when deference to the Secretary's conclusion as to the utility of pursuing the claim through administrative channels is not appropriate. *See Eldridge*, 424 U.S. at 330; *Ringer*, 466 U.S. at 617-18.  The Court has approved judicial waiver under the following circumstances: (1) where plaintiff's legal claims are collateral to the demand for benefits, (2) where exhaustion would be futile, and (3) where the harm suffered pending exhaustion would be irreparable.  *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986); *see also Abbey*, 978 F.2d at 44.

None of the criteria for judicial waiver of the exhaustion requirement has been met here. It is clear to the court that the third-party claims in this case demand payment of Medicare benefits (*see* Third-Party Complaint, Item 1, Ex. B), and there is nothing contained in the pleadings, affidavits, or memoranda before the court to show or suggest that exhaustion of administrative remedies would be futile or that the harm suffered pending exhaustion would be irreparable. Under the circumstances presented, judicial waiver of the exhaustion requirement is not available to Mrs. Cerrone.

Because the third-party plaintiffs have failed to obtain a final decision of the Secretary made after a hearing regarding the Medicare claims at issue, they are not entitled to federal court review of these claims.[5] Accordingly, this court does not have subject matter jurisdiction over the third-party complaint against Medicare, and it must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Medicare's motion to dismiss the third-party complaint against it for lack of subject matter jurisdiction (Item 3) is granted, and the case is

---

[5] The Cerrones also argue that this court has subject matter jurisdiction over the third-party action against Medicare under the Mandamus Act, 28 U.S.C. § 1361. However, as the Second Circuit noted in its decision in *Abbey*, a finding that the claimants must exhaust their administrative remedies "also disposes of [the] alternative argument for mandamus relief because one of the requisites for obtaining a writ of mandamus is that the plaintiff have exhausted all other adequate remedies." *Abbey*, 978 F.2d at 47 (citing *City of New York*, 742 F.2d at 739; *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976)).

remanded to New York State Supreme Court, Erie County, pursuant to 28 U.S.C. § 1447(c).[6]  The parties shall bear their own costs and expenses.

The Clerk of the Court is directed to mail a certified copy of this order to the Clerk, New York State Supreme Court, Erie County, and to close this file.

So ordered.

\s\ John T. Curtin<br>JOHN T. CURTIN<br>United States District Judge

Dated: 11/1            , 2005
p:\pending\2003\03-874.oct26.05.mtd

---

[6]28 U.S.C. § 1447(c) provides, in pertinent part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.